■ RICHARD BIRD et al., Respondents, v WENDY S. WOODS, Appellant.—Order unanimously modified in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: The sixth ordering paragraph is modified to read as follows: "In the event the plaintiffs decide to offer proof regarding future loss of earning capacity and/or future loss of support, the defendant shall have the right to further disclosure, including the right to joint and/or separately filed income tax returns from both named plaintiffs Richard and Carol Bird from three years preceding the accident forward, including all supporting documentation and federal schedules and W-2 forms and such disclosure shall take place at least 30 days prior to trial". (Appeal from Order of Supreme Court, Erie County, Mintz, J. —Discovery.) Present—Denman, P. J., Pine, Lawton, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK JOHNSON, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. JOHNSON, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Robbery, 2nd Degree.) Present— Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. RABIDEAU, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: By entering a guilty plea, defendant forfeited his right to contend on appeal that he was denied his statutory right to a speedy trial under CPL 30.30 (see, People v O'Brien, 56 NY2d 1009, 1010; People v Suarez, 55 NY2d 940, 942; see also, People v Friscia, 51 NY2d 845, 847).

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Steuben County Court, Finnerty, J.—Felony Driving While Intoxicated.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

STEVEN J. RABIDEAU, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same Memorandum as in *People v Rabideau* (190 AD2d 1096 [decided herewith]). (Appeal from Judgment of Steuben County Court, Finnerty, J.—Escape, 2nd Degree.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.

■ GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v TOWN OF WALWORTH, Appellant.—Order and judgment unanimously affirmed with costs for reasons stated in decision at Supreme Court, Strobridge, J. (Appeal from Order and Judgment of Supreme Court, Wayne County, Strobridge, J.— Summary Judgment.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.

■ TOWN EXPRESS, INC., et al., Appellants, v TIMOTHY SUTTLES et al., Respondents.—Order unanimously affirmed without costs *(see, Harville v County of Erie,* 148 AD2d 954). (Appeal from Order of Supreme Court, Erie County, Mintz, J. —Vacate Foreclosure.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY O'BRIEN, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: The People candidly concede that defendant's sentence of one year's incarceration and five years' probation for his conviction of two counts of felony driving while intoxicated was illegal *(see,* Penal Law § 60.01 [2] [d]; § 65.00; *see also, People v Curkendall,* 141 AD2d 891; *People v McIntyre,* 135 AD2d 920). Defendant's sentence is therefore modified by vacating the provision imposing probation *(see, People v Jackson,* 144 AD2d 1031). Because defendant's sentence of probation was prohibited, that sentence cannot serve as a basis for a finding of a violation of probation *(see, People v DeFrancesco,* 136 AD2d 560). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.— Felony Driving While Intoxicated.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY O'BRIEN, Appellant. (Appeal No. 2.)—Judgment unanimously reversed on the law and information dismissed. Same Memorandum as in *People v O'Brien* (190 AD2d 1097 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Violation of Probation.) Present— Green, J. P., Pine, Lawton, Fallon and Davis, JJ.